C. P. HARPER, Respondent, v. WESTERN UNION TELEGRAPH CO., Appellant.

Kansas City Court of Appeals, March 6, 1905.

DAMAGES: Delivery of Telegram: Evidence: Broker. A real estate broker suing for damages for delay in delivering a telegram is entitled to recover his commission for a sale when he shows the sale was lost by reason of such delay.

Appeal from Jackson Circuit Court.—*Hon. Shannon C. Douglass,* Judge.

AFFIRMED.

*George H. Fearons, Karnes, New & Krauthoff* for appellant.

(1) What is the measure of damages? A breach of contract without any damages resulting therefrom gives no cause of action except, perhaps, for nominal damages. In this case these cannot exceed the price paid by Harper to defendant for sending the telegram to Sherman. Strahorn Co. v. Tel. Co., 101 Mo. App. 500. (2) What did plaintiff do in the way of earning this commission and in what manner did defendant prevent plaintiff from earning this commission?

*Edward P. Garnett* for respondent.

(1) It is well settled that on the second appeal only such questions will be noticed as were not determined on the former appeal, and that when the Court has decided on the first appeal after reviewing the evidence that there was sufficient evidence to submit the case to the jury, that question is no longer open for discussion. Curr v. Cusenberry, 69 Mo. App. 221; Masterson v. Railway, 58 Mo. App. 572; Belch v. Miller, 37 Mo. App. 628; Koch v. Hebel, 40 Mo. App. 241; Payne & Co. v. Allen & Co., 76 Mo. App. 418; Crecelius v. Bierman, 68 Mo. App. 34; Winter v. Railroad, 101 Mo. App. 550; Holmes v. Carbin, 34 Mo. App. 394; Butler Co. v. Bank, 165 Mo. 456; Coy v. West, 165 Mo. 452; Baker v. Railroad, 147 Mo. 140; Chapman v. Railroad, 146 Mo. 481. (2) The only new question raised was the defense set up, that the land had been sold to Parker before the telegram was sent and that Parker had paid part of the purchase money. The evidence showed that there was no written contract to sell to Parker. The question was submitted to the jury under instruction 8 given on behalf of defendant, and the jury found against the defendant. Rich v. Burns, 83 Mo. 364, and cases cited; Wolf v. Campbell, 110 Mo. 114; Hirsh v. Lodge, 78 Mo. App. 358;

Panch v. Provision Co., 159 Mo. 467; Durst v. Stamping Co., 163 Mo. 607; Stobb v. Iron & Foundry Co., 85 Mo. App. 640; Ladd v. Williams, 104 Mo. App. 390; Carter v. Railway, 156 Mo. 635; Chitty v. Railway, 166 Mo. 435.

ELLISON, J.—This action was instituted by plaintiff to recover damages which he alleges resulted to him from the failure of defendant to deliver to him a telegram which it had received at its Kansas City office. The judgment in the trial court was for the plaintiff.

Plaintiff charges that he was authorized to sell a large tract of land in Howell county, Missouri, and that he was to be paid for his services all he got for the land in excess of $1.50 per acre. He had a prospective purchaser at the price of $2. per acre who lived in the State of Iowa. That he communicated with this would-be purchaser by telegraph, when the purchaser answered by the same means, saying he would take the land. The latter message was not delivered to plaintiff until next day after being received at defendant's office in Kansas City. In consequence of the delay, the land was sold to another party and plaintiff lost the commission he would have made. This is the second appeal of the case. When before us on the former appeal we disposed of the principal points involved in an opinion by BROADDUS, P. J., by deciding them in plaintiff's favor. The judgment was reversed and cause remanded on account of improper remarks by counsel in his address to the jury. By reference to the report of the case (92 Mo. App. 304) a full statement of the facts will be found.

Every material point now involved in the case was considered and decided on the former appeal. A great portion of the argument of the defendant now addressed to us we do not consider applicable to the case made by plaintiff. This is not to be likened to a case against an owner of land whereby it was sought to charge the owner with a commission earned by an agent. Defend-

ant, in defense, urges to us many things which it contends plaintiff did not do.    In view of the nature of plaintiff's complaint against defendant it was sufficient if he showed to the satisfaction of the jury that but for the negligence of defendant in delaying delivery of the telegram he got from the prospective purchaser he lost a sale to that party and thereby was cut out of his commission.    The cause of action is defendant's negligence in delivery of the telegram.    The damages which followed were a consequence of that negligence, viz: a loss of that which plaintiff could otherwise have gained.    The truth is, that after the determination of the points involved in the former appeal, there was very little left in the case beyond mere questions of fact for the jury, which were    duly submitted    by the instructions    of the court.

We are satisfied that no substantial error was committed and that the verdict was for the right party.

The judgment is affirmed.    All concur.